**Robert MOZZER, Plaintiff–Appellant,**

v.

**PRISON HEALTH SVC.; et al.,
Defendants–Appellees.**

No. 05–15763.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2007.*

Filed Oct. 5, 2007.

Robert Mozzer, Carson City, NV, pro se.

Before: CANBY, TASHIMA and GRABER, Circuit Judges.

MEMORANDUM **

Robert Mozzer, a Nevada state prisoner, appeals pro se the district court's orders

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dismissing his 42 U.S.C. § 1983 action for failure to state a claim for relief and failure to identify and serve the unnamed defendants. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal for failure to state a claim under 28 U.S.C. § 1915A. *See Weilburg v. Shapiro,* 488 F.3d 1202, 1205 (9th Cir.2007). We review for abuse of discretion a dismissal for failure to comply with service of process requirements under Fed.R.Civ.P. 4. *See In re Sheehan,* 253 F.3d 507, 511 (9th Cir.2001). We affirm.

The district court properly dismissed the action against Dr. Patin because Mozzer did not allege facts showing that Dr. Patin acted with a sufficiently culpable state of mind in diagnosing and treating Mozzer's condition. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (holding that to show an Eighth Amendment violation, a prisoner must show that prison officials had a "sufficiently culpable state of mind"); *see also Estelle v. Gamble,* 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (holding that medical malpractice or negligence does not constitute an Eighth Amendment violation).

The district court properly dismissed the action against defendant Balaam because Mozzer did not allege facts showing Balaam was aware or privy to information regarding Mozzer's injury or the recommended surgery. *See Farmer,* 511 U.S. at 837–38, 114 S.Ct. 1970 (holding prison official cannot be found liable under the Eighth Amendment unless, among other things, the official knew of and disregarded an excessive risk to inmate health or safety).

The district court did not abuse its discretion in dismissing, without prejudice, the action against Doe defendants because Mozzer did not timely identify or serve those defendants even after he was given an extension of time to do so. *See* Fed. R.Civ.P. 4(m); *see also Hason v. Medical Bd. of Cal.,* 279 F.3d 1167, 1174 (9th Cir. 2002) (explaining that court can, on its own initiative, dismiss complaint if process is not served within requisite time period).

Mozzer's remaining contentions are unpersuasive.

**AFFIRMED.**