**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOWARD ELLIS, | No. 09-15849 |
| Plaintiff - Appellant, | |
| v. | D.C. No. 3:08-CV-00657-ECR-RAM |
| JAMES BENEDETTI; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., District Judge, Presiding

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N. R. SMITH, Circuit Judges.

Howard Ellis, a Nevada state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action with prejudice for failure

to state a claim pursuant to 28 U.S.C. § 1915(e)(2). We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo an order of dismissal, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and review for an abuse of discretion the denial of leave to amend, *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1310 (9th Cir. 1982). We may affirm on any ground supported by the record. *Buckley v. Terhune*, 441 F.3d 688, 694 (9th Cir. 2006) (en banc). We affirm in part, reverse in part, and remand.

The district court properly dismissed the deprivation of property claim in Count 1 of the complaint because the State of Nevada provides an adequate post-deprivation remedy. *See* Nev. Rev. Stat. §§ 41.031, 41.0322; *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (deprivation of property does not constitute a due process violation when a post-deprivation state remedy is available). We therefore affirm the district court's dismissal of Ellis's claims concerning lost or missing property.

The district court properly dismissed any due process claim Ellis sought to allege in Counts 1 and 2 of the complaint because he has no due process right to have his grievances handled in a particular manner. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (order). We therefore affirm the district court's order dismissing Ellis's challenges to the processing of his grievances.

09-15849

We remand the remaining allegations of Counts 1 and 2 and instruct the district court to consider whether or not leave to amend is warranted. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (leave to amend must be granted unless complaint's deficiencies could not possibly be cured).

In Count 3, Ellis alleged that defendants deprived him of due process by denying without explanation his request for a live witness at a disciplinary hearing. We reverse the district court's dismissal of Count 3 because it states a due process violation. *See Serrano v. Francis*, 345 F.3d 1071, 1080 (9th Cir. 2003).

In its dismissal order, the district court did not mention Counts 4 through 8 of the complaint. On remand, the court shall address these counts. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (pro se inmates must be given notice of complaint's deficiencies and leave to amend if these are curable).

**AFFIRMED in part, REVERSED in part, and REMANDED.**