**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SERGIO ALVAREZ,

                Plaintiff - Appellant,

   v.

ROBERT HOREL, et al.,

                Defendants - Appellees.

No. 09-17755

D.C. No. 4:07-cv-01678-SBA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

    Sergio Alvarez, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging interference with

his legal mail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo

the district court's dismissal of a complaint under 28 U.S.C. § 1915A for failure to

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

state a claim, *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007), and we affirm.

The district court properly dismissed Alvarez's claim that defendant Carrier violated his right to access the courts by opening his legal mail because Alvarez failed to allege that he suffered an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996) (defining actual injury as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim").

The district court properly dismissed Alvarez's claim that defendant Carrier violated his Sixth Amendment right to counsel by opening his legal mail because the Sixth Amendment applies only to criminal proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974).

The district court properly dismissed Alvarez's supervisory liability claims against defendants Tilton, Horel, and Kirkland because Alvarez failed to allege that these defendants "participated in or directed [any constitutional] violations, or knew of the violations and failed to act to prevent them." *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

09-17755

The district court did not abuse its discretion by denying Alvarez's request for appointment of counsel because he failed to show exceptional circumstances. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam).

**AFFIRMED.**