**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY R. McKEE, | No. 10-35036 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-05207-RJB |
| v. | |
| LOREN TAYLOR; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Jeffrey R. McKee, a Washington state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging denial of

access to courts, retaliation, and other claims.  We have jurisdiction under 28

U.S.C. § 1291.  We review for an abuse of discretion a district court's dismissal of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a complaint without leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  We vacate and remand.

The district court dismissed McKee's original complaint without providing notice of the deficiencies and an opportunity to amend with the benefit of that notice, and also did not address McKee's retaliation claim.  Accordingly, we vacate the judgment and remand to the district court with instructions to address the retaliation claim and provide McKee an opportunity to file an amended complaint. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) ("[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively."); *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir.1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc).

Appellees shall bear the costs on appeal.

Appellees' request for judicial notice is granted.

**VACATED and REMANDED.**

2