**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OMAR SHARRIEFF GAY,

              Plaintiff - Appellant,

  v.

MATTHEW CATE, et al.,

              Defendants - Appellees.

No. 10-16144

D.C. No. 3:10-cv-01314-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

    California state prisoner Omar Sharrieff Gay appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants

violated Gay's Eighth Amendment, due process and equal protection rights. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal under 28 U.S.C. § 1915A for failure to state a claim, *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007), and for an abuse of discretion the district court's dismissal of a complaint without leave to amend, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). We vacate and remand.

The district court dismissed Gay's original complaint without first providing him with notice of the deficiencies and an opportunity to amend with the benefit of that notice, and also did not address Gay's equal protection claim that he is "similarly situated" to mentally ill prisoners who urinate or soil on themselves and his claim for failure to protect him from his cellmates. Accordingly, we vacate the judgment and remand to the district court with instructions to address the equal protection and failure-to-protect claims and provide Gay with an opportunity to file an amended complaint. *See Weilburg*, 488 F.3d at 1205 ("Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation and internal quotation marks omitted)); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) ("[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively.").

10-16144

Gay shall bear his own costs on appeal.

**VACATED and REMANDED.**