**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DARO WEILBURG; and MARIA
WEILBURG,
   *Plaintiffs-Appellants,*

   v.

DAVID SHAPIRO, Deputy County
Attorney; ARTHUR MARKHAM,
Justice of the Peace; JOHN DOE,
Sheriff of Yavapai County; JOHN
DOE'S A-Z, Yavapai County Jail;
and the STATE OF ARIZONA,
   *Defendants-Appellees.*

No. 05-15540

D.C. No.
CV 05-0048-PGR-
DKD

OPINION

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Submitted February 16, 2007*
San Francisco, California

Filed June 1, 2007

Before: Ronald M. Gould and Johnnie B. Rawlinson,
Circuit Judges, and Alfred V. Covello,** District Judge.

Opinion by Judge Covello

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Alfred V. Covello, Senior United States District
Judge for the District of Connecticut, sitting by designation.

**COUNSEL**

The plaintiffs-appellants, Daro Weilburg and Maria Weilburg, proceeding *pro se*.

Terry Goddard, Arizona Attorney General, Phoenix, Arizona; and Daniel P. Schaack, Assistant Attorney General, Phoenix, Arizona, for defendant-appellee the State of Arizona.

Randall H. Warner, Phoenix, Arizona, for defendants-appellees David Shapiro, Arthur Markham, and the Yavapai County Sheriff.

**OPINION**

COVELLO, District Judge:

This is an appeal of the district court's *sua sponte* dismissal of an action for damages brought pursuant to 42 U.S.C. § 1983 ("section 1983").[1] The *pro se* plaintiffs, Daro

---

[1]"Every person who, under color of [law] . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. § 1983.

Weilburg and Maria Weilburg ("Weilburgs"), allege that the State of Arizona and various officials in Yavapai County, Arizona, extradited Daro Weilburg from Arizona to Illinois in violation of state and federal statutes, thereby violating Daro Weilburg's right to procedural due process.

The issue presented is whether the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars prospective plaintiffs, who have not otherwise successfully challenged their underlying convictions, from bringing section 1983 actions that are based upon a violation of extradition law.

For the reasons set forth hereinafter, we vacate the judgment of the district court, and order the case remanded to the United States District Court for the District of Arizona for further proceedings consistent with this opinion.

## I. FACTS

Unless otherwise indicated, an examination of the complaint, as well as the exhibits attached thereto, discloses the following.

In 1999, an Illinois state court convicted the plaintiff, Daro Weilburg, of felony theft. Weilburg failed to appear at his sentencing hearing. The court sentenced him, in absentia, to a term of imprisonment of seven years. Subsequently, an Illinois grand jury indicted Weilburg for violating a bail bond, also a felony. On the basis of this indictment, authorities issued an arrest warrant for Weilburg.

On June 26, 2003, during a traffic stop in Arizona, police officers arrested Weilburg pursuant to that outstanding warrant. After a series of extradition proceedings in Arizona superior court, authorities returned Weilburg to Illinois.

On January 4, 2005, Weilburg and his wife, Maria Weilburg, proceeding *pro se*, filed an action for damages in the United States District Court for the District of Arizona, pursuant to 42 U.S.C. § 1983. The complaint alleges numerous irregularities in connection with the procedures pursuant to which authorities extradited Daro Weilburg to Illinois.[2]

On February 14, 2005, before the defendants appeared in this case, the district court dismissed the action pursuant to 28 U.S.C. § 1915A.[3] The court concluded that the "Plaintiff's claims are based upon a belief that Mr. Weilburg was wrongfully arrested, extradited and incarcerated to serve his sentence for theft and to be prosecuted for the bond violation" and as such, the complaint failed to state a claim upon which relief could be granted. Relying on *Heck v. Humphrey*, the district court held that in order to bring a section 1983 action alleging unlawful conviction or imprisonment, a "plaintiff must prove the [original underlying] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus." The district court concluded that because the Weilburgs "have not done so, their § 1983 action is premature."

On February 25, 2005, the Weilburgs moved for reconsideration of the order of dismissal. They asserted that the district court's reliance on *Heck v. Humphrey* was misplaced, as they had "not sought damages for an unconstitutional conviction or imprisonment." Rather, they argued that the "gist of

---

[2]Additionally, the complaint appears to assert that Daro Weilburg was not a fugitive when extradited, because the statute of limitations allegedly had run with respect to his bail violation charge.

[3]"The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . . On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. §§ 1915A(a), (b).

the plaintiffs' complaint hinges on violations of procedural due process protected by the Uniform Criminal Extradition Act," Ariz. Rev. Stat. § 13-3841 *et seq.*, and the federal extradition procedures statute, 18 U.S.C. § 3182. On March 9, 2005, the district court denied the motion for reconsideration, maintaining that "this type of challenge concerns the legality of [Daro Weilburg's] detention and must initially be brought in habeas corpus after exhausting available state court remedies."

On March 21, 2005, the Weilburgs filed their notice of appeal of the district court's dismissal of this action.

## II.   STANDARD OF REVIEW

We "review[ ] *de novo* a district court's dismissal of a complaint under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In reviewing a dismissal for failure to state a claim, the court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 772 (9th Cir. 2002). *Pro se* complaints are to be construed liberally and "may be dismissed for failure to state a claim only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Franklin v. Murphy*, 745 F.2d 1221, 1228, 1230 (9th Cir. 1984) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted).

## III.   DISCUSSION

The Weilburgs argue that because their cause of action alleges violations of extradition procedures, this case is not

barred by the Supreme Court's holding in *Heck v. Humphrey*. Specifically, "[t]he appellant-plaintiffs do not seek damages for reaching the wrong results regarding conviction and sentence, they seek damages for refusal by the appellee-defendants to follow procedures."

The defendants initially did not respond, presumably because none of them had previously appeared in this action. In response to this court's order to file a brief, however, the State of Arizona filed a two-page letter brief that did not address the applicability of *Heck v. Humphrey* to the present case, but rather asserted various defenses that the district court did not address below. David Shapiro, Arthur Markham, and the Yavapai County Sheriff, also defendants in this case, likewise filed a letter brief, raising defenses not considered below. They do, however, address the applicability of *Heck*, largely echoing the reasoning of the district court, and contend generally that those cases that have held that *Heck* is inapplicable in this context are "inconsistent with Ninth Circuit precedent."

**[1]** In *Heck v. Humphrey*, in a challenge to the validity to his underlying conviction, a prisoner initiated a section 1983 action, alleging that the defendants, police officers and prosecutors, employed improper investigative techniques, destroyed evidence, and used unlawful identification procedures, resulting in the prisoner's conviction and imprisonment. *Heck*, 512 U.S. at 478-79. The United States Supreme Court affirmed the lower court's dismissal of the action, and held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions *whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

> to make such determination, or called into question
> by a federal court's issuance of a writ of habeas cor-
> pus, 28 U.S.C. § 2254.

*Id.* at 490, 486-87 (internal footnotes omitted) (emphasis added). The Supreme Court directed that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. "[I]f the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* (internal footnotes omitted).

**[2]** We conclude that *Heck v. Humphrey* is not a bar to the present action. By the very specific language contained therein, *Heck v. Humphrey* applies only to those cases in which a complaint alleges that a defendant engaged in conduct "whose unlawfulness would render a conviction or sentence invalid." *Id.* at 486. The holding in *Heck* applies only where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487.

**[3]** Here, the gravamen of the complaint is that the defendants returned Weilburg to Illinois in violation of state and federal law, by ignoring established extradition procedures and effectively kidnapping Weilburg. Such allegations, if proven, would not invalidate Weilburg's incarceration in Illinois. To the contrary, "[t]here is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will." *Frisbie v. Collins*, 342 U.S. 519, 522 (1952). "An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*, 445 U.S. 463, 474 (1980) (citing *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975); *Frisbie*, 342

U.S. at 522; *Ker v. Illinois*, 119 U.S. 436, 443-44 (1886)). Nor is invalid extradition a sufficient ground upon which to grant habeas relief once the fugitive is present in the jurisdiction from which he fled. *See Hudson v. Moran*, 760 F.2d 1027, 1029 (9th Cir. 1985); *Siegel v. Edwards*, 566 F.2d 958, 960 (5th Cir. 1978) (per curiam).

**[4]** To the extent that the complaint in the present case alleges violations of extradition law, such allegations, if proven, would not invalidate Daro Weilburg's incarceration. Therefore, with respect to these allegations, *Heck v. Humphrey* does not apply.[4] In reaching this conclusion, we join the majority of those courts that have confronted this issue in published dispositions. *See Young v. Nickols*, 413 F.3d 416, 420 (4th Cir. 2005) (holding that "*Heck* does not bar [the plaintiff] from invoking § 1983 to assert a claim for damages against the . . . defendants for violating his extradition rights"); *Harden v. Pataki*, 320 F.3d 1289, 1298 (11th Cir. 2003) (holding "that *Heck* does not bar most § 1983 damages claims based on improper extradition"); *contra Knowlin v. Thompson*, 207 F.3d 907, 908-09 (7th Cir. 2000) (holding that *Heck* does bar such claims).

The legal effect of the factual circumstances alleged here are better illuminated by this court's holding in *Draper v. Coombs*, 792 F.2d 915 (9th Cir. 1986). In *Draper*, a plaintiff

---

[4]In addition to asserting violations of extradition law, the Weilburgs also appear to allege that because the statute of limitations had run with respect to Daro Weilburg's bond violation charge, the defendants illegally imprisoned him. As to an allegation of this character, "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. As such, with respect to this specific allegation, we conclude that *Heck* is applicable, and that dismissal was proper. Nevertheless, the dismissal should have been without prejudice so as to permit the Weilburgs to bring an action anew with respect to this one allegation in the event that Daro Weilburg ever succeeds in invalidating the underlying bond violation charge. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam).

brought a section 1983 action against law enforcement officials after they transported him from Oregon to Washington state, allegedly in violation of state and federal extradition laws. *Id.* at 917. This court reversed the district court's dismissal of the complaint, and held that "[i]n light of the nature and purpose of the [federal] extradition statute, . . . a claim alleging its violation by state or local police officers states a cause of action under section 1983." *Id.* at 920. The court further stated "that a violation of state extradition law can serve as the basis of a section 1983 action." *Id.* at 921. Moreover, the *Draper* court concluded that it was not material whether the government ultimately convicted the plaintiff of the underlying crime for which it sought his extradition. *See id.* at 921-22. Although such a conviction might indicate that the plaintiff would be unable to prove actual damages, the court noted that he might still be entitled to nominal damages, and as such, "his complaint stated valid section 1983 claims." *Id.* at 922.

[5] Because we hold that *Heck v. Humphrey* is inapposite here, *Draper v. Coombs* constitutes the law of this circuit in this context. *See Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 972 n.15 (9th Cir. 1994) ("In the absence of an en banc reversal or an intervening Supreme Court decision, . . . we are bound by circuit law."). Therefore, with respect to those allegations that the defendants violated state and federal extradition statutes, we vacate the judgment of the district court, and remand this action for further proceedings consistent with this opinion.[5]

---

[5]Notably, we specifically do not address the defenses raised by the defendants for the first time in their briefs, nor any number of issues not resolved below, including whether the facts alleged in the complaint sufficiently state a cause of action under *Draper*, the extent to which the doctrines of absolute or qualified immunity apply here, and whether either Daro Weilburg or Maria Weilburg can possibly prove that the defendants have caused any damages. Because this action terminated at such an early stage in the proceedings, we do not render an opinion as to these issues, but rather leave it to the district court in the first instance to resolve these matters, should they arise.

**VACATED and REMANDED.**