Jimmie O. BEASLEY, Jr.,
Plaintiff—Appellant,

v.

ARIZONA DEPARTMENT OF
CORRECTIONS; et al.,
Defendants—Appellees.

No. 05–17079.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2007.*

Filed Nov. 27, 2007.

Jimmie O. Beasley, Jr., Tucson, AZ, pro se.

Wanda Ellen–Marie Hoffman, Office of the Arizona Attorney General, Liability Management Section, Tucson, AZ, Carlotta L. Turman, Esq., Mack & Associates PC, Phoenix, AZ, for Defendants–Appellees.

Before: TROTT, W. FLETCHER and CALLAHAN, Circuit Judges.

MEMORANDUM **

Arizona state prisoner Jimmie O. Beasley, Jr., appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging his constitutional rights were violated when he was exposed to environmental tobacco smoke (ETS)

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

while housed at the Arizona State Prison Complex. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under 28 U.S.C. § 1915A, *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007), and a district court's grant of summary judgment, *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir.2001), and we affirm.

■ The district court properly dismissed defendant Goldsmith without prejudice because Beasley did not allege facts showing that Goldsmith acted with a sufficiently culpable state of mind. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (holding that to show an Eighth Amendment violation, a prisoner must show that prison officials had a "sufficiently culpable state of mind").

■ The district court properly granted summary judgment to the remaining defendants because Beasley failed to raise a triable issue as to whether the levels of ETS were unreasonable or if prison officials knowingly and unreasonably disregarded the risk of harm. *See Helling v. McKinney*, 509 U.S. 25, 34–35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993) (holding that Eighth Amendment ETS claims must show exposure to levels of ETS that pose an unreasonable health risk and deliberate indifference on the part of prison officials to mitigate risk).

Beasley's October 20, 2006 motion to compel is denied.

Beasley's reply brief was filed on November 3, 2006 and his November 23, 2006 motion requesting a docket statement affirming his reply brief was received and filed is denied as moot.

**AFFIRMED.**