**I.C. ELLISON, Plaintiff—Appellant,**

v.

**State of NEVADA; et al., Defendants— Appellees.**

No. 07–15547.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 6, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

I.C. Ellison, Yerington, NV, pro se.

Melanie A. Porter, Esq., AGNV—Office of The Nevada Attorney General, Carson City, NV, for Defendants–Appellees.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Nevada state prisoner I.C. Ellison appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging that prison officials used excessive force in collecting a DNA sample from him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissal of a complaint under 28 U.S.C. § 1915A for failure to state a claim, *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir.2007), and a grant of summary judgment, *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir.2001), and we affirm.

■ The district court properly dismissed Counts One and Six of Ellison's complaint alleging that the collection of his DNA sample was a violation of his Fifth Amendment right against self-incrimination. *See United States v. Reynard*, 473 F.3d 1008, 1021 (9th Cir.2007) (holding that the compelled extraction of blood for DNA collection does not violate a prisoner's Fifth Amendment right against self-incrimination).

■ The district court properly dismissed Count Two of Ellison's complaint alleging that the collection of his DNA "without probable cause" amounted to an unconstitutional search under the Fourth Amendment. *See United States v. Kincade*, 379 F.3d 813, 835–36 (9th Cir.2004) (en banc) (applying totality of the circumstances analysis to uphold principle that compulsory DNA profiling of convicted offenders does not constitute an unconstitutional intrusion of privacy).

■ The district court properly dismissed Count Five of Ellison's complaint alleging that the collection of his DNA violated the Privileges and Immunities Clause of the Fourteenth Amendment because Ellison's allegations do not implicate "the right of the newly arrived citizen to the same privileges and immunities enjoyed by other citizens of the same State." *See Saenz v. Roe*, 526 U.S. 489, 502, 119 S.Ct. 1518, 143 L.Ed.2d 689 (1999).

■ The district court properly granted summary judgment on Ellison's excessive force claim because he failed to create a triable issue of fact as to whether the force was unreasonable in light of his resistance. *See Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir.2002) ("Force [used against a prisoner] does not amount to a constitutional violation . . . if it is applied in a good faith effort to restore discipline and order and not maliciously and sadistically for the very purpose of causing harm.") (internal quotations and citations omitted).

The district court did not abuse its discretion by denying Ellison's motion for enlargement of time to file objections to the magistrate judge's report and recommendations because Ellison failed to show good cause. *See* Fed.R.Civ.P. 6(b).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Ellison's remaining contentions, including those regarding the Takings Clause, are unpersuasive.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

