MEMORANDUM **
Daniel Manriquez, a California state prisoner, appeals pro se the dismissal of his 42 U.S.C. § 1983 civil rights action against prison officials. He contends that the district court erred in dismissing seven claims regarding his continued confinement in a “Security Housing Unit” and in concluding that his Eighth Amendment claim was barred by the statute of limitations. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A. Weilburg v. Shapiro, 488 F.3d *472 1202, 1205 (9th Cir.2007). For the reasons stated by the district court in its order of March 9, 2006, we affirm the dismissal of Manriquez’s first through seventh claims.
We review de novo the dismissal of a claim on statute-of-limitations grounds. Cabrera v. City of Huntington Park, 159 F.3d 374, 378 (9th Cir.1998). As the district court concluded, Manriquez’s complaint, deemed filed on November 6, 2005, was untimely under the two-year statute of limitations set forth in Cal.Code Civ. Proc. § 335.1. He knew or had reason to know of the injuries that were the basis of his Eighth Amendment claim by the end of January 2003. See TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir.1999) (holding that § 1983 claim accrues when plaintiff knows or has reason to know of injury). He completed the inmate appeal process, and thus finished exhausting administrative remedies, in May 2003. See Brown v. Valoff, 422 F.3d 926, 943 (9th Cir.2005) (holding that statute of limitations is tolled while prisoner completes mandatory exhaustion process). Manriquez is not entitled to additional, equitable tolling until the time his claim under the California Tort Claims Act was denied in December 2003 because this claim was not part of the prison administrative process. See id.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.