MEMORANDUM **
David Wayne Wilson, a California state prisoner, appeals pro se from the district court’s judgment dismissing his First and Fourteenth Amendment claims against prison officials for retaliating against him for filing prison grievances. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir.2007). We may affirm on any basis supported by the record. Dittman v. California, 191 F.3d 1020, 1027 n. 3 (9th Cir.1999). We affirm in part, vacate in part, and remand.
The district court properly dismissed Wilson’s claim that he was deprived of property without due process because Wilson had an adequate post deprivation remedy under California law. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (“[A] negligent or intentional deprivation of a prisoner’s property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy.”) (per curiam).
The district court properly dismissed Wilson’s equal protection claim because his Third Amended Complaint failed to allege facts suggesting that “Enhanced *293 Out Patient” inmates were similarly situated to other inmates. See Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir.2005) (“[D]ifferent treatment of unlike groups does not support an equal protection claim.”).
The district court dismissed Wilson’s retaliation claim because he did not allege that his speech was chilled as a result of the defendants’ actions. Wilson alleged, however, that defendants confiscated his property, placed him in administrative segregation, and harassed him because he filed prison grievances. This court has previously concluded that allegations of harm were sufficient to ground a First Amendment retaliation claim without discussing whether that harm had a chilling effect. See Pratt v. Rowland, 65 F.3d 802, 807-08 (9th Cir.1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989); see also Rhodes v. Robinson, 408 F.3d 559, 567-68 n. 11 (9th Cir.2005) (“[H]arm that is more than minimal will almost always have a chilling effect.”). Accordingly, we vacate the district court’s dismissal of Wilson’s retaliation claim and remand for further proceedings.
Each party shall bear its own costs on appeal.
AFFIRMED in part; VACATED in part; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.