MEMORANDUM **
Ray B. Ford, a California state prisoner, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(l). We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissal of a complaint under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir.2007). We review for an abuse of discretion denial of a motion for reconsideration. Smith v. Pac. Props. and Dev. Corp., 358 F.3d 1097, 1100 (9th Cir.2004). We affirm.
• The district court properly dismissed Ford’s due process claims because Ford failed to allege facts showing that defendants’ actions in connection with his disciplinary hearings, or his placement in administrative segregation, constituted atypical and significant hardships in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (holding that administrative segregation in and of itself does not implicate a protected liberty interest); Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir.1989) (explaining that a prison’s failure to meet its own guidelines regarding hearing deadlines does not constitute denial of due process).
The district court properly dismissed Ford’s equal protection claim because he failed to allege facts showing that defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class. See Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir.2005).
The district court did not abuse its discretion in denying Ford’s motion for reconsideration because he did not point to any newly discovered evidence, intervening change in controlling law, or clear error by the district court. See 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir.1999) (summarizing Fed.R.Civ.P. 60(b) grounds for relief).
We decline to consider those contentions Ford raises for the first time on appeal. See Allen v. Ornoski, 435 F.3d 946, 960 (9th Cir.2006) (concluding that court will not review issue not raised in district court except in special circumstances such as to prevent manifest injustice).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.