**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES AMADEO, | No. 09-15022 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-05999-MHP |
| v. | |
| MARK CASTELLAW; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Submitted February 2, 2010[**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Prisoner James Michael Vincent Amadeo appeals pro se the district court's

partial dismissal of his complaint under 28 U.S.C. § 1915A and its subsequent

grant of summary judgment in favor of the defendants. He also appeals the district

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's denial of his motion to strike the defendants' declaration in support of their motion for summary judgment.

We review de novo the district court's partial dismissal of Amadeo's complaint and the district court's grant of summary judgment. See Mayfield v. United States, 588 F.3d 1252, 1258 (9th Cir. 2009) (summary judgment standard); Weilburg v. Shaprio, 488 F.3d 1202, 1205 (9th Cir. 2007) (28 U.S.C. § 1915A dismissal standard). We review the district court's decision regarding a motion to strike for abuse of discretion. JG v. Douglas County Sch. Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The facts of this case are known to the parties. We do not repeat them.

**I**

The district court properly partially dismissed Amadeo's complaint under 28 U.S.C. § 1915A. None of the constitutional provisions Amadeo invokes applies to his situation. See Breed v. Jones, 421 U.S. 519, 528 (1975) (holding that the Double Jeopardy Clause applies only to criminal proceedings); Wolff v. McDonnell, 418 U.S. 539, 567 (1974) (holding that inmates have no right to confrontation at disciplinary proceedings); Russell v. Gregoire, 124 F.3d 1079, 1087, 1091 (9th Cir. 1997) (holding that the Ex Post Facto Clause does not apply unless "the sanction is 'so punitive' in effect as to prevent the court from

2

legitimately viewing it as regulatory or civil in nature"); United States v. Brown, 59 F.3d 102, 105 (9th Cir. 1995) (holding that the Double Jeopardy Clause does not apply to a prison's administrative determination that disruptive conduct requires transfer to a higher security facility); Anderson v. County of Kern, 45 F.3d 1310, 1315–16 (9th Cir. 1995) (holding that administrative segregation is not cruel and unusual punishment); Toussaint v. McCarthy, 801 F.2d 1080, 1100–01 (9th Cir. 1986) (holding that when prison officials determine whether a prisoner is to be segregated, due process only requires an informal nonadversarial hearing, notice to the prisoner of the charges against him and a chance for the prisoner to present his or her views).

## II

The district court properly granted summary judgment to the defendants on Amadeo's due process and First Amendment claims. The decision to place Amadeo in administrative segregation was supported by evidence. See Superintendent v. Hill, 472 U.S. 445, 455 (1985) (requiring "some evidence"). And Amadeo had no right to advance notice that his tattoos would be used as evidence at his hearings. See Toussaint, 801 F.2d at 1100–01.

The use of Amadeo's "skinhead" and "mother fucken' cop killer" tattoos as evidence at his administrative segregation hearing did not violate his First

3

Amendment rights.  See Dawson v. Delaware, 503 U.S. 159, 164 (1992) (rejecting the argument that "[b]ecause [the] right to associate with the Aryan Brotherhood is constitutionally protected, . . . admission of evidence related to that association" violates the First Amendment).  Furthermore, the administrative segregation of a prisoner is "reasonably related" to the "legitimate penological interest" of maintaining order and safety within the prison.  See Turner v. Safley, 482 U.S. 78, 89 (1987).

As none of Amadeo's constitutional rights were violated, "there is no necessity for further inquiries regarding qualified immunity."  Saucier v. Katz, 533 U.S. 194, 201 (2001).

## III

The district court properly denied Amadeo's Federal Rule of Civil Procedure 37(c)(1) motion to strike the defendants' declaration in support of their motion for summary judgment.  Amadeo does not demonstrate that the defendants were required to disclose their declarations under Rules 26(a) or 26(e) because Amadeo cannot show that he moved to compel disclosure or discovery of the disputed declarations.  See Fed. R. Civ. P. 26(a), 26(e) and 37(c)(1).

## IV

Amadeo's remaining contentions lack merit.

**AFFIRMED.**