**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD LOPEZ DELACRUZ, | No. 10-16989 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-02112-SRB |
| v. | |
| DORA B. SCHRIRO, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| BENNIE ROLLINS, Arizona Department of Corrections (ADC) Operations Director; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted December 19, 2011[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Edward Lopez Delacruz, an Arizona state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations of his Eighth and Fourteenth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (dismissal under 28 U.S.C. § 1915A); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment). We may affirm on any ground supported by the record, *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1076-77 (9th Cir. 2003), and we affirm.

The district court properly dismissed Delacruz's deliberate indifference to medical needs claim as to defendants Baird, Belcourt, Hegman, and Lesac for the reasons stated in its order entered on February 10, 2009. Dismissal of this claim as to defendants Greely and Schriro was also proper because Delacruz failed to allege facts showing that these defendants knew of and disregarded an excessive or substantial risk to his health. *See Toguchi*, 391 F.3d at 1057 (discussing the standard for establishing deliberate indifference to an inmate's health and safety).

The district court properly granted summary judgment for defendants McWilliams, Melcher, and Rollins on Delacruz's deliberate indifference to safety claim for the reasons stated in its order entered on August 10, 2010. The district

court also properly granted summary judgment for defendants Bartos, Grabrowski, and Haley on this claim because Delacruz failed to raise a triable dispute as to whether these defendants knew of and disregarded an excessive risk to his safety or responded unreasonably to such a risk. *See Farmer v. Brennan*, 511 U.S. 825, 837, 844-45 (1994) (explaining the subjective prong of deliberate indifference and noting that even if a prison official knew of a substantial risk, he is not liable if he "responded reasonably to the risk, even if the harm ultimately was not averted").

The district court properly granted summary judgment on Delacruz's procedural due process claim because even assuming a protected liberty interest, Delacruz failed to raise a triable dispute as to whether he was denied the due process that was required. *See Wilkinson v. Austin*, 545 U.S. 209, 221-30 (2005).

The district court did not abuse its discretion by denying Delacruz's request to reopen discovery because Delacruz failed to "'show how allowing additional discovery would have precluded summary judgment.'" *Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002) (citation omitted).

The district court did not abuse its discretion by denying Delacruz's motion to compel production of documents where defendants had offered to permit Delacruz to view redacted copies of the documents in a secured location in light of

various security concerns.  *See Preminger v. Peake*, 552 F.3d 757, 768 n.10 (9th Cir. 2008) (standard of review).

Delacruz's remaining contentions, including those concerning appointment of counsel, are unpersuasive.

We do not consider Delacruz's contentions raised for first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

We do not consider any documents attached to Delacruz's briefs that are not part of the district court record.  *See Barcamerica Int'l USA Trust v. Tyfield Imps., Inc.*, 289 F.3d 589, 595 (9th Cir. 2002).

**AFFIRMED.**