**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EUGENE A. MAUWEE, | No. 11-15251 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00250-RCJ-RAM |
| v. | |
| JACK PALMER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief Judge, Presiding

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Nevada state prisoner Eugene A. Mauwee appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging various claims

arising from the confiscation of an eagle talon that he believed to be a Native

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

1

American religious artifact. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. §§ 1915A or 1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm in part, vacate in part, reverse in part, and remand.

Dismissal of Mauwee's claims against the State of Nevada, the Nevada Department of Corrections, and state officials in their official capacities was proper because these defendants are entitled to immunity under the Eleventh Amendment. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007).

The district court properly dismissed Mauwee's Eighth Amendment claim against state officials in their individual capacities because he failed to allege how the destruction of the eagle talon violated the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (elements of Eighth Amendment claim).

Although the district court properly concluded that Mauwee failed to allege a claim under the First Amendment's Free Exercise Clause, it should have given him notice of the defects in this claim and an opportunity to amend, especially because Mauwee's motion for reconsideration showed that the defects in this claim are curable. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).

2

The district court erred in dismissing Mauwee's Fourteenth Amendment due process claim against state officials in their individual capacities based on the availability of adequate state law post-deprivation remedies because Mauwee challenged the destruction of property under established state procedure. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982).

In sum, we affirm dismissal of Mauwee's claims against the State of Nevada, the Nevada Department of Corrections, and state officials in their official capacities. And, as to Mauwee's claims against state officials in their individual capacities, we affirm dismissal of his Eighth Amendment claim; vacate dismissal of his First Amendment claim to allow him leave to amend; reverse dismissal of his Fourteenth Amendment claim; and remand for further proceedings.

Mauwee's remaining contentions, including issues and claims raised for the first time in Mauwee's motion for reconsideration, are unpersuasive.

We do not consider issues and claims raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Mauwee shall bear his own costs on appeal.

**AFFIRMED in part, VACATED in part, REVERSED in part, and REMANDED.**