**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DUANE DIXON, | No. 11-16778 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-01225-LJO-DLB |
| v. | |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Duane Dixon, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants

were deliberately indifferent to his serious medical needs with respect to his head

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

wound.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. § 1915A.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  We review for an abuse of discretion a decision to dismiss a complaint without leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  We vacate and remand.

Dismissal without leave to amend was premature because it is not "absolutely clear" that the deficiencies of the complaint could not be cured by amendment.  *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007); *see also Jones v. Bock*, 549 U.S. 199, 216 (2007) (holding that failure to exhaust is an affirmative defense under the Prison Litigation Reform Act and that inmates are not required to specially plead or demonstrate exhaustion in their complaints).  Accordingly, we vacate the judgment and remand to allow Dixon to file an amended complaint.

**VACATED and REMANDED.**