**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALVARO QUEZADA, | No. 12-16886 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00483-AWI-GBC |
| v. | |
| A. HERRERA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

California state prisoner Alvaro Quezada appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants

retaliated and conspired against him.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). We affirm.

The district court properly dismissed Quezada's retaliation claims because Quezada failed to allege facts showing that defendants acted with retaliatory intent, and that their actions did not advance a legitimate correctional purpose. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a retaliation claim under § 1983).

The district court properly dismissed Quezada's conspiracy claims because Quezada failed to allege facts showing that defendants agreed to violate his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient to survive a motion to dismiss. (citation omitted)); *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (a conspiracy claim requires the existence of an agreement or meeting of the minds to violate constitutional rights).

The district court properly dismissed Quezada's claim that defendants improperly reviewed his grievance appeals because there is no constitutional right to receive a particular type of review of a prison grievance. *See Ramirez v. Galaza*,

334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

Quezada's contentions that he was prevented from filing objections to the magistrate judge's findings and recommendations, and that the district court failed to rule on his motions for a protective order and for extensions of time, are unpersuasive.

Quezada's request to consolidate this case with another pending appeal, set forth in his opening brief, is denied.

**AFFIRMED.**