**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARRYL JOHNSON, | No. 13-15497 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-02411-MCE-CMK |
| v. | |
| BRUZUNETTI, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief Judge, Presiding

Submitted January 21, 2014**

Before:    CANBY, SILVERMAN, and PAEZ, Circuit Judges.

California state prisoner Darryl Johnson appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations of his

due process rights arising from the loss of his property. We have jurisdiction under

28 U.S.C. § 1291. We review de novo a district court's dismissal under 28 U.S.C.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1915A.  *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).  We affirm.

The district court properly dismissed Johnson's action because Johnson had an adequate post-deprivation remedy under California law.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations.").

**AFFIRMED.**