**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDWIN VALENCIA,

Plaintiff - Appellant,

v.

JOHN DOES, Nos. 1-3, Correctional
Officers at Corcoran State Prison,

Defendants - Appellees.

No. 13-15207

D.C. No. 1:11-cv-02110-GBC

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Gerald B. Cohn, Magistrate Judge, Presiding**

Submitted March 10, 2014***

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

California state prisoner Edwin Valencia appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action arising from the loss of

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       Valencia consented to proceed before a magistrate judge.  *See* 28
U.S.C. § 636(c).

\*\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his property following his transfer to another prison. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Valencia's action because Valencia had an adequate post-deprivation remedy under California law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations."). Contrary to Valencia's contentions otherwise, his complaint alleged that defendants disregarded prison regulations, which resulted in the loss of his property.

Valencia's contentions that he was not allowed adequate time to file an amended complaint, and that the district court should have inquired into his disability, are unpersuasive.

**AFFIRMED.**