**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER SHANE LANGSTON, | No. 13-16168 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01624-DAD |
| v. | |
| JEFFREY SHIAISHI; RYAN ENKOJI, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, Chief Magistrate Judge, Presiding[**]

Submitted April 7, 2014[***]

Before:     TASHIMA, GRABER, and IKUTA, Circuit Judges.

California state prisoner Walter Shane Langston appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Langston consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutional violations in connection with events preceding his 2007 arrest. We review de novo. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). We may affirm on any basis supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

The district court properly dismissed Langton's Fourth Amendment and right to travel claims because defendants' acts did not constitute a search or seizure, and Langston failed to allege sufficient facts to show that defendants actually interfered with his travel. *See United States. v. Al Nasser*, 555 F.3d 722, 726 (9th Cir. 2009) (the Fourth Amendment requires government action, and is not implicated where an individual voluntarily stops his vehicle); *see also Nat'l Ass'n. for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (explaining that "we may consider facts contained in documents attached to the complaint" in determining whether the complaint states a claim for relief).

The district court properly dismissed Langston's racial discrimination claims because Langston failed to allege sufficient facts to show discriminatory bias. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (a § 1983 claim for violation of the Equal Protection Clause requires a showing of discriminatory intent or purpose); *see also Nat'l Ass'n. for the Advancement of*

*Psychoanalysis*, 228 F.3d at 1049.

Dismissal of Langston's conspiracy claim was proper because there was no underlying constitutional violation. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929-30 (9th Cir. 2004) (describing pleading requirements for a § 1985 claim and explaining that there can be no conspiracy without an underlying rights violation).

The district court did not abuse its discretion when it denied as moot Langston's motions to compel discovery after dismissing his complaint as deficient as a matter of law. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and noting the district court's broad discretion in deciding motions to compel discovery).

**AFFIRMED.**

13-16168