FILED

DEC 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AVON DAVIES, | No. 14-17069 |
| Plaintiff - Appellant, | D.C. No. 2:14-cv-00945-TLN-EFB |
| v. | |
| CURTIS ALLEN, Physician, California State Prison - Solano; JEFFERY BEARD, Secretary, California Department of Corrections and Rehabilitation, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted December 9, 2015**

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

California state prisoner Avon Davies appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants violated

_____

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his constitutional rights by subjecting him to a blood test under California Health and Safety Code § 1250.4(e) because they suspected that another inmate was infected with shingles. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). We affirm.

The district court properly dismissed Davies's § 1983 claim alleging violations of the Fourth Amendment because Davies failed to allege facts sufficient to show that the blood test was not "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89-91 (1987) (setting forth factors to determine the reasonableness of a challenged prison regulation); *see also Thompson v. City of Los Angeles*, 885 F.2d 1439, 1447 (9th Cir. 1989) (holding that the county had a compelling interest in diagnosing and preventing the transmission of serious disease among detainees), *overruled on other grounds by Bull v. City & County of San Francisco*, 595 F.3d 964, 977-81 (9th Cir. 2010) (en banc).

To the extent Davies challenges the constitutionality of section 1250.4(e) of the California Health and Safety Code, we likewise reject this argument because the section's authorization of the Department of Corrections to ascertain and

14-17069

investigate cases of specified diseases is "reasonably related to legitimate penological interests." *Turner*, 482 U.S. at 89.

The district court did not abuse its discretion in dismissing without leave to amend because the deficiencies in Davies's complaint could not be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**