NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAMIN SARIASLAN,

Plaintiff-Appellant,

v.

RONALD RACKLEY; TIMOTHY POLASIK,

Defendants-Appellees.

No. 16-16095

D.C. No. 2:15-cv-02492-EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Edmund F. Brennan, Chief Magistrate Judge, Presiding[**]

Submitted February 14, 2017[***]

Before:      GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Ramin Sariaslan appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action relating to food that he purchased for Ramadan.  We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      Sariaslan consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636.

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Ramirez v. Galaza*, 334 F.3d 850, 853 (9th Cir. 2003). We affirm in part, vacate in part, and remand.

The district court properly dismissed Sariaslan's § 1983 claim arising from an alleged breach of contract because Sariaslan failed to allege facts sufficient to state a plausible claim for relief. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (elements of a § 1983 claim).

The district court properly dismissed Sariaslan's § 1983 claim to the extent it was based on a deprivation of Sariaslan's property because California state law provides an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (an unauthorized property deprivation is not cognizable under § 1983 because California state law provides an adequate post deprivation remedy).

The district court did not abuse its discretion in dismissing without leave to amend Sariaslan's § 1983 claims arising from an alleged breach of contract or deprivation of property because the deficiencies cannot be cured by amendment. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the

16-16095

deficiencies of the complaint could not be cured by amendment." (citation and internal quotation marks omitted)); *Ramirez*, 334 F.3d at 854 (standard of review).

However, the district court overlooked Sariaslan's allegations that defendant Polasik "hindered and blocked" Sariaslan from receiving food that he purchased for a "religious event without good cause," while acting under color of authority. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) ("A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion."); *Shakur v. Schriro*, 514 F.3d 878, 888 (9th Cir. 2008) (setting forth Religious Land Use and Institutionalized Persons Act claim); *Shakur*, 514 F.3d at 891-92 (setting forth Equal Protection Clause claim based on administration of kosher meal diet). Accordingly, we vacate the judgment in part for the district court to consider these allegations in the first instance, and to determine whether leave to amend would be appropriate. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

**AFFIRMED in part, VACATED in part, and REMANDED.**

16-16095