**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FLOYD PERRYMAN, | No. 16-16705 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00680-WBS-EFB |
| v. | |
| JASDEEP BAL, Chief Medical Officer, CSP - Sacramento, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted May 24, 2017[**]

Before:  THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Floyd Perryman, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2004), and we affirm.

The district court properly granted summary judgment because Perryman failed to raise a genuine dispute of material fact as to whether defendant was deliberately indifferent to his thumb injury. *See id.* at 1057-60 (deliberate indifference is a high legal standard; a difference of medical opinion concerning the course of treatment, negligence, or medical malpractice does not amount to deliberate indifference); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (supervisory liability under § 1983 requires "knowledge of and acquiescence in unconstitutional conduct" by subordinates).

The district court did not abuse its discretion by denying Perryman's motion to amend his complaint because any amendment would be futile. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (setting forth standard of review); *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (dismissal of a pro se complaint without leave to amend is proper "if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Perryman's motion for additional discovery because Perryman did not demonstrate how additional discovery would defeat summary judgment. *See Qualls By & Through Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) (setting forth standard of

16-16705

review and explaining that district court properly denied Fed. R. Civ. P. 56(f) (now Rule 56(d)) motion where additional requested discovery would not have precluded summary judgment).

The district court did not abuse its discretion by denying Perryman's motion for the appointment of medical experts because Perryman failed to show that such an appointment was necessary. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1070-71 (9th Cir. 1999) (setting forth standard of review and noting that district court has discretion to appoint an expert where such an appointment is necessary).

**AFFIRMED.**