NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHERYL YOUNG, | No. 19-16829 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-01411-EDL |
| v. | |
| ELAINE L. CHAO, Secretary of U.S. Department of Transportation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding[**]

Submitted August 5, 2020[***]

Before:     SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Cheryl Young appeals pro se from the district court's judgment dismissing

her action relating to the Equal Employment Opportunity Commission's ("EEOC")

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

disposition of her administrative complaint. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm in part, vacate in part, and remand.

The district court properly dismissed Young's claim to enforce the EEOC's final decision because Young failed to allege facts sufficient to show that the Department of Transportation did not comply with the final decision and that there was a portion of the final decision that remained unenforced. *See Carver v. Holder*, 606 F.3d 690, 697-98 (9th Cir. 2010) (in a suit for enforcement, a plaintiff's "suit is limited to the enforcement of the EEOC's administrative disposition as a whole" and the plaintiff "must either accept the administrative disposition in its entirety or bring a de novo action in the district court"; a plaintiff "cannot bring a suit for enforcement when there is no portion of the EEOC's final determination left to enforce").

The district court concluded that Young could not seek de novo review because Young failed to file her action within 90 days of receipt of the EEOC's original final decision. However, the EEOC's errata, dated December 14, 2018, stated that the corrected final decision attached thereto was the EEOC's final decision. Because it is not clear when Young received the corrected final decision, it is not absolutely clear that Young could not amend her complaint to allege that

her action for de novo review was timely. *See* 42 U.S.C. § 2000e-16(c) (an employee may file a civil action "[w]ithin 90 days of receipt of notice of final action" taken by the EEOC); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review of a district court's denial of leave to amend the complaint); *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation and internal quotation marks omitted)). We vacate the judgment in part and remand for the district court to provide Young with an opportunity to amend her complaint to seek de novo review.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**