**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARRY LOUIS LAMON, | No. 12-15035 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00484-GBC |
| v. | |
| MAURICE JUNIOUS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Gerald B. Cohn, Magistrate Judge, Presiding[**]

Submitted January 15, 2013[***]

Before:    SILVERMAN, BEA, and NGUYEN, Circuit Judges.

California state prisoner Barry Louis Lamon appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that prison

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Lamon consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

officials violated his constitutional rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal of a complaint under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted, *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007), and we affirm in part, reverse in part, and remand.

The district court properly dismissed Lamon's due process claim because the allegations in the amended complaint do not support a claim that he was deprived of a protected liberty interest without due process of law. *See Washington v. Harper*, 494 U.S. 210, 231-33 (1990) (requiring notice and a hearing prior to the involuntary use of psychotropic medications on inmates).

The district court properly dismissed Lamon's Eighth Amendment claim because Lamon failed to allege facts showing that defendants were deliberately indifferent. *See Toguchi v. Chung*, 391 F.3d 1051, 1056-57 (9th Cir. 2004) (elements of an Eighth Amendment claim).

However, the district court prematurely dismissed Lamon's retaliation claim against defendants Maguass, Talisman, Cohen, Barda, and Osborne because the allegations in the pro se amended complaint liberally construed were "sufficient to meet the low threshold for proceeding past the screening stage." *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir 2012); *see also Rhodes v. Robinson*, 408

F.3d 559, 567-68 (9th Cir. 2005) (setting forth five basic elements of a prisoner First Amendment retaliation claim).

Accordingly, we reverse the district court's dismissal of the complaint with respect to these claims and defendants and remand for further proceedings consistent with this disposition. We express no opinion as to the merits of Lamon's allegations.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

The parties shall bear their own costs on appeal.

**AFFIRMED in part; REVERSED in part; and REMANDED.**