FILED

**NOT FOR PUBLICATION**

FEB 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICKIE L. HILL,

               Plaintiff - Appellant,

  v.

W. OAKLEY; et al.,

               Defendants - Appellees.

No. 12-15108

D.C. No. 3:11-cv-00609-RCJ-WGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

    Nevada state prisoner Rickie L. Hill appeals pro se from the district court's

judgment in his 42 U.S.C. § 1983 action alleging that defendant Oakley acted with

excessive force by striking Hill in the torso while Hill was fully restrained and

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

discriminated against him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). We affirm in part, reverse in part, and remand.

The district court properly dismissed Hill's Fourteenth Amendment claim because Hill failed to allege that Oakley acted with an intent or purpose to discriminate against him based on his membership in a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (order) (explaining requirements for an equal protection claim).

The district court concluded that Hill failed to state a claim of excessive force because Hill's allegation that he suffered possible broken ribs is unconfirmed and he failed to allege that he sought or required medical attention. To state a claim on which relief may be granted, however, a plaintiff need only "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, for purposes of an excessive force claim, "[t]he absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Hill's allegations that Oakley hit him twice in the stomach while Hill was fully restrained, causing a sharp pain as if Hill's ribs had been broken and causing him to spit up blood, is sufficient to state a claim of excessive force. *See id.* (explaining factors a court should consider in

evaluating whether force was excessive).  We therefore reverse the district court's

dismissal of Hill's excessive force claim and remand for further proceedings.

We do not consider matters raised for the first time on appeal.  *See Janes v.*

*Wal-Mart Stores Inc.*, 279 F.3d 883, 887 (9th Cir. 2002).

**AFFIRMED in part, REVERSED in part, and REMANDED.**