**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PATRICK KINCHLER,

      Plaintiff - Appellant,

    v.

KATHRYN SHEA,

      Defendant - Appellee.

No. 12-35710

D.C. No. 3:12-cv-05130-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted April 16, 2013[**]

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

Washington state prisoner Patrick Kinchler appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action for failure to state a claim

under Federal Rule of Civil Procedure 12(b)(6).  We have jurisdiction under 28

----

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo, *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1046 (9th Cir. 2008), and we affirm.

The district court properly dismissed Kinchler's due process claims because his removal from his Correctional Industries job and temporary exclusion from the "G Building" did not implicate a constitutionally protected liberty or property interest.  *See Bd. of Regents v. Roth*, 408 U.S. 564, 569-70 (1972) (procedural protections of due process clause are triggered only when there is a cognizable liberty or property interest at stake); *Chappell v. Mandeville*, 706 F.3d 1052, 1064 (9th Cir. 2013) ("[T]o find a violation of a state-created liberty interest the hardship imposed on the prisoner must be 'atypical and significant . . . in relation to the ordinary incidents of prison life.'" (citation omitted)); *see also Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (dismissal of a pro se complaint without leave to amend is proper if it is clear that amendment would be futile).

To the extent that Kinchler intended to raise an Eighth Amendment claim, his complaint failed to allege facts showing "a denial of the minimal civilized measure of life's necessities" and nothing suggests that it could be amended to do so.  *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (internal quotation marks and citation omitted).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**