**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TUVALU TUTUILA FAUSIA,

          Plaintiff - Appellant,

  v.

MATHEW CATES, Secretary of
Department of Corrections, in his
individual and official capacities,

          Defendant,

  and

J. STILES, Doctor, Chief Medical Officer
at ISP, in his individual and official
capacities; et al.,

          Defendants - Appellees.

No. 12-55589

D.C. No. 5:09-cv-02320-R-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted May 14, 2013[]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

California state prisoner Tuvalu Tutuila Fausia appeals pro se from the district court's judgment dismissing his action under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act alleging that defendants failed properly to treat his finger injury and denied him personal possession of a typewriter. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). We affirm.

The district court properly dismissed Fausia's claim alleging deliberate indifference to his medical needs because Fausia failed to allege facts showing that defendants disregarded an excessive risk to Fausia's health. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health; neither a prisoner's difference of opinion concerning the course of treatment nor mere negligence in diagnosing or treating a medical condition amounts to deliberate indifference).

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

12-55589

The district court properly dismissed Fausia's ADA and Rehabilitation Act claims because Fausia failed to allege facts showing that defendants discriminated against him because of a disability. *See Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."); *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007) (to state a claim under the Rehabilitation Act, a plaintiff must allege discrimination because of disability).

The district court properly dismissed Fausia's equal protection claim because Fausia failed to allege facts showing that defendants acted with discriminatory intent or treated him differently from other inmates who were similarly situated. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-68 (9th Cir. 2005) (to state an equal protection claim, a plaintiff must allege that defendants acted with discriminatory intent; different treatment of unlike individuals does not support an equal protection claim).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Fausia's state law claim because no federal claims remained. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise

3                                                              12-55589

jurisdiction over the remaining state-law claims."); *Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004) (reviewing for an abuse of discretion).

Fausia's motion requesting judicial notice, filed on August 21, 2012, is denied.

**AFFIRMED.**

12-55589