FILED

**NOT FOR PUBLICATION**

DEC 11 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRY WAYNE MARTIN, | No. 12-17672 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01068-PGR-JFM |
| v. | |
| DAVID JOHNSON, Doctor, Surgeon at Mountain Vista Hospital, Mesa, Arizona; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Submitted November 19, 2013**

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

Arizona state prisoner Terry Wayne Martin appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to

his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo a district court's dismissal under 28 U.S.C. § 1915A. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). We may affirm on any basis supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

The district court properly dismissed Martin's claim against defendants Johnson, Phan, and Glassey because Martin failed to allege facts showing that these defendants acted with deliberate indifference in treating his cellulitis and other related medical issues. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58, 1060 (9th Cir. 2004) (providing the standard for deliberate indifference, including where a claim involves choices between alternative courses of treatment, and explaining that a showing of negligence or medical malpractice is insufficient to establish a constitutional deprivation). Dismissal of Martin's claims against defendants Barr, Waker, Ryan, and Herr was proper for the same reason. *See id.*

The district court properly dismissed Martin's claim against defendant P.N.A./C.H.C. because a defendant cannot be held liable under § 1983 solely because it employs individuals who may have violated the plaintiff's constitutional rights, and Martin alleged only that P.N.A./C.H.C. "allowed their staff to operate below standards." *See Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("[T]here is no respondeat superior liability under § 1983.");

*see also Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1194 (9th Cir. 2002) (municipal liability requires showing that a policy, custom, or failure to train amounted to deliberate indifference).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**