**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD EUGENE MOSER, | No. 12-15805 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-08208-NVW |
| v. | |
| D. McGINNIS, Deputy Sheriff; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Arizona state prisoner Donald Eugene Moser appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging unreasonable search and serizure in violation of the Fourth Amendment.  We have jurisdiction under 28 U.S.C. § 1291.  We review for clear error an award of actual damages, *Jarvis v. K2*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Inc.*, 486 F.3d 526, 529 (9th Cir. 2007), and for an abuse of discretion an award of punitive damages, *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906-07 (9th Cir. 2002). We affirm.

The district court did not commit clear error by awarding no actual damages because Moser admitted that he did not have evidence of actual damages by failing to respond to defendants' requests for admission, and he did not bring a motion to withdraw his admissions under Federal Rule of Civil Procedure 36(b). *See* Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."); *Colon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) ("Unanswered requests for admissions may be relied on as the basis for granting summary judgment."); *see also Hazle v. Crofoot*, 727 F.3d 983, 992 & n.6 (9th Cir. 2013) (actual injury required for compensatory damages award).

The district court did not abuse its discretion by denying Moser punitive damages because he failed to proffer evidence showing that defendants acted with malice, in reckless disregard, or in an oppressive manner. *See Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005) (discussing three predicates for punitive damages under § 1983).

The district court properly dismissed Moser's claim against defendant

Waugh because Moser sued Waugh solely on the basis of his position as a supervisor, and Moser alleged no facts showing supervisory liability. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (setting forth elements for supervisory liability under § 1983); *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (standard of review).

The district court did not abuse its discretion by denying Moser's "Motion for Research and Preparation Costs" because Moser is pro se and, thus, not entitled to attorney's fees. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991) ("[A] *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We do not consider any documents that are not part of the district court record. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) ("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal.").

Moser's contention concerning judicial bias is unsupported by the record.

**AFFIRMED.**

12-15805