**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVE Y. GARRISON, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> EDMUND G. BROWN, Jr.; et al., <br><br> Defendants - Appellees. | No. 13-15189 <br><br> D.C. No. 5:11-cv-01901-EJD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted January 21, 2014[**]

Before:      CANBY, SILVERMAN, and PAEZ, Circuit Judges.

California state prisoner Steve Y. Garrison appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

constitutional violations in connection with his incarceration. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo a district court's dismissal under 28

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1915A. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). We affirm.

The district court properly dismissed Garrison's action because Garrison failed to allege sufficient facts in his Second Amended Complaint showing that defendants violated his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to state a claim for relief that is plausible on its face, a plaintiff must allege facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see also McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Garrison's contentions concerning any alleged misconduct by the district court are without merit.

We do not consider arguments and allegations raised for the first time on appeal, including those concerning forced medication, alleged misconduct by San Jose police officers, and recent denials of mental health services and legal supplies. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

All pending motions are denied.

**AFFIRMED.**