**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND J. MANZANILLO, | No. 12-17307 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-03783-JSW |
| v. | |
| FRANCISCO JACQUEZ, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted January 21, 2014[**]

Before:    CANBY, SILVERMAN, and PAEZ, Circuit Judges.

California state prisoner Raymond J. Manzanillo appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional violations stemming from defendants' response to Manzanillo's

altercation with another inmate.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (dismissal under 28 U.S.C. § 1915A); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment). We affirm.

The district court properly dismissed Manzanillo's claim concerning defendant Graves's alleged failure to videotape an interview with Manzanillo in violation of prison policy because that alleged failure does not constitute a violation of a federal right. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (alleged failure to follow prison policy does not establish federal constitutional violation).

The district court properly granted summary judgment on Manzanillo's claim alleging that defendants failed adequately to investigate his excessive force claims in violation of prison policy because that alleged failure does not constitute a violation of a federal right. *See id.*

The district court properly granted summary judgment on Manzanillo's claim alleging that defendants Zucco and Potter used excessive force against him because Manzanillo failed to raise a genuine dispute of material fact as to whether those defendants used force maliciously and sadistically for the purpose of causing harm. *See Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (excessive force inquiry "ultimately turns on whether force was applied in a good faith effort to maintain or

restore discipline or maliciously and sadistically for the very purpose of causing harm" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Manzanillo's claim alleging that defendant Klotz was deliberately indifferent to Manzanillo's serious medical needs because Manzanillo failed to raise a genuine dispute of material fact as to whether Klotz knew of and disregarded an excessive risk to Manzanillo's health. *See Toguchi*, 391 F.3d at 1057-58 (prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health).

The district court properly granted summary judgment on Manzanillo's supervisory liability claims against defendants Jacquez, Lewis, and McLean because Manzanillo failed to raise a genuine dispute of material fact as to whether those defendants were personally involved in any constitutional violation or whether there was a causal connection between their conduct and any such violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (discussing the requirements for establishing supervisory liability).

The district court did not abuse its discretion in denying Manzanillo's discovery requests because the requested discovery would not have helped Manzanillo prove a viable claim. *See Jones v. Blanas*, 393 F.3d 918, 926, 930 (9th

Cir. 2004) (setting forth standard of review and explaining that summary judgment is appropriate, even in the face of additional discovery requests, where "such discovery would be 'fruitless' with respect to the proof of a viable claim" (citation omitted)).

The district court did not abuse its discretion in denying Manzanillo's motion for appointment of counsel because Manzanillo failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and explaining "exceptional circumstances" requirement).

Manzanillo's motions to supplement the record, filed on September 30, 2013, and October 28, 2013, are denied.

**AFFIRMED.**