**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRISTOPHER CARREA, Jr.,

          Plaintiff - Appellant,

  v.

JEFFERY BEARD,

          Defendant - Appellee.

No. 14-15295

D.C. No. 4:13-cv-03762-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted December 9, 2014[**]

Before:    WALLACE, LEAVY, and BYBEE, Circuit Judges.

     Christopher Carrea, Jr., a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo a dismissal under 28 U.S.C. § 1915A. *Ramirez v. Galaza*, 334

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 850, 853 (9th Cir. 2003). We affirm in part, vacate in part, and remand.

The district court properly dismissed Carrea's claim alleging that the prison grievance system is ineffective because prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." *Id.* at 860.

The district court properly dismissed Carrea's claim alleging that he was misclassified as a gang member because Carrea failed to allege facts sufficient to state a plausible claim for relief under any viable legal theory. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff still must present factual allegations sufficient to state a plausible claim for relief); *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (prisoners have no liberty interest in their classification status); *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (explaining due process requirements before placing a gang member in segregation).

However, the district court dismissed Carrea's action without addressing Carrea's deliberate indifference to serious medical needs claim. Accordingly, we vacate the judgment and remand with instructions to address the deliberate indifference claim in the first instance and, if warranted, to provide Carrea with leave to amend as to that claim. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper

14-15295

only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation and internal quotation marks omitted)); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) ("[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively."); *see also Colwell v. Bannister*, 763 F.3d 1060, 1070 (9th Cir. 2014) (deliberate indifference can be found when "officials denied treatment because [the plaintiff's] medical need conflicted with a prison policy, not because non-treatment was a medically acceptable option").

We do not consider matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED in part; VACATED in part; and REMANDED.**