FILED

**NOT FOR PUBLICATION**

JUL 07 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES HENRY GREEN, | No. 14-16249 |
| Plaintiff - Appellant, | D.C. No. 3:14-cv-00245-RCJ-VPC |
| v. | |
| ROMEO ARANAS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Nevada state prisoner James Henry Green appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

constitutional violations.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument, and denies Cannon's request for oral argument, set forth in his opening brief.  *See* Fed. R. App. P. 34(a)(2).

review de novo a district court's dismissal under 28 U.S.C. § 1915A for failure to state a claim, *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007), and for an abuse of discretion the district court's dismissal of a complaint without leave to amend, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). We vacate and remand.

The district court dismissed Green's original complaint, which it construed as raising only an Eighth Amendment deliberate indifference claim, without first providing him with notice of the deficiencies and an opportunity to amend with the benefit of that notice. The district court did not address Green's retaliation and procedural due process claims relating to the discontinuation of medical treatment of his ichthyosis. Accordingly, we vacate the judgment and remand to the district court with instructions to address the retaliation and procedural due process claims and to provide Green with an opportunity to amend his deliberate indifference claim. *See Weilburg*, 488 F.3d at 1205 ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation and internal quotation marks omitted)); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) ("[B]efore dismissing a pro se complaint the district court must provide the litigant

with notice of the deficiencies in his complaint in order to ensure that the litigant

uses the opportunity to amend effectively.").

**VACATED and REMANDED.**

14-16249