**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DWAYNE SWEARINGTON, | No. 14-16172 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00958-MJS |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Michael J. Seng, Magistrate Judge, Presiding[**]

Submitted July 21, 2015[***]

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

California state prisoner Dwayne Swearington appeals pro se from the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      Swearington consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging numerous claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Swearington's claims against the California Department of Corrections because those claims are barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

Dismissal of Swearington's supervisory liability claims against defendants Wisneski, McDaniel, and Grooves was proper because Swearington failed to allege facts sufficient to show that those defendants were personally involved in any constitutional violation, or that there was a causal connection between their conduct and any such violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (requirements for establishing supervisory liability).

14-16172

The district court properly dismissed Swearington's claims alleging denial of access to the courts and interference with mail because Swearington failed to allege facts sufficient to show that defendants caused any violation of his rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff must allege facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Lewis v. Casey*, 518 U.S. 343, 348-53 (1996) (requirements of an access-to-courts claim); *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam) (describing prisoners' First Amendment right to send and receive mail).

The district court properly dismissed Swearington's retaliation claims because Swearington failed to allege facts sufficient to show that defendants' actions did not advance a legitimate correctional purpose. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (requirements of a retaliation claim in the prison context).

The district court properly dismissed Swearington's medical deliberate indifference claim because Swearington failed to allege facts sufficient to show that defendants knew of and disregarded an excessive risk to Swearington's health. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (requirements of a medical deliberate indifference claim).

The district court properly dismissed Swearington's claim alleging an unauthorized deprivation of property because Swearington had an adequate post-deprivation remedy under California law. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (negligent or intentional unauthorized deprivation of a prisoner's property fails to state a claim if the state has an adequate post-deprivation remedy, which California provides).

The district court properly dismissed Swearington's claim alleging that defendant Flores violated his medical privacy because Swearington failed to allege facts sufficient to show that Flores improperly disclosed any private information. *See Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1269 (9th Cir. 1998) (discussing the constitutionally protected privacy interest).

The district court properly dismissed Swearington's conspiracy claims because Swearington failed to allege facts sufficient to show that defendants agreed to violate his constitutional rights. *See Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (requirements of a conspiracy claim).

To the extent that Swearington's claims are based on defendants' alleged failure to follow prison policy, the district court properly dismissed them because any such failure would not constitute a violation of a federal right. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (alleged failure to follow prison

policy does not establish federal constitutional violation).

The district court properly denied Swearington's request for injunctive relief because Swearington failed to allege facts sufficient to show the violation of any federal right or the threat of irreparable harm. *See Gomez v. Vernon*, 255 F.3d 1118, 1128-29 (9th Cir. 2001) (requirements for injunctive relief).

The district court did not abuse its discretion in dismissing without leave to amend because Swearington did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

**AFFIRMED.**