**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JUAN ANTONIO FALCON,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>M. R. PHILLIPS, Correctional Lieutenant at KVSP,<br><br>    Defendant - Appellee. | No. 13-17273<br><br>D.C. No. 1:10-cv-02262-GSA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding[**]

Submitted August 25, 2015[***]

Before: McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Juan Antonio Falcon, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that his

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

 [**] Falcon consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

 [***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

due process rights were violated in connection with his placement in segregated housing as a result of a prison disciplinary proceeding. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We vacate and remand.

The district court properly dismissed Falcon's complaint because Falcon failed to allege facts sufficient to show that his placement in segregated housing as a result of his disciplinary hearing imposed an "atypical and significant hardship" on him "in relation to the ordinary incidents of prison life" to create a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (constitutionally protected liberty interest arises only when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). However, although it gave notice of the complaint's deficiencies in the order filed on October 3, 2013, the district court did not provide an opportunity to amend with the benefit of that notice. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation and internal

quotation marks omitted)); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth abuse of discretion standard of review). Although Falcon was previously granted leave to amend, the guidance in the prior order did not speak to the deficiencies at issue in this complaint. Accordingly, we vacate the judgment and remand to the district court with instructions to provide Falcon with an opportunity to file an amended complaint.

**VACATED and REMANDED.**

13-17273