NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HENRY FROMETA GONZALEZ, | No. 15-16378 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00115-RCJ-WGC |
| v. | |
| JAMES GREG COX; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted December 14, 2016**

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Former Nevada state prisoner Henry Frometa Gonzalez appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

retaliation, due process violations, and deliberate indifference to his safety.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for

---

      *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

failure to state a claim. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm in part, vacate in part, and remand.

The district court properly dismissed Gonzalez's retaliation and failure-to-protect claims because Gonzalez failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *see also Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (a prison official is deliberately indifferent only if he "knows of and disregards an excessive risk to inmate . . . safety"); *Starr v. Baca*, 652 F.3d 1202, 1207-8 (9th Cir. 2011) (requirements for establishing supervisory liability); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (setting forth elements of retaliation claim in prisoner context).

The district court properly dismissed Gonzalez's due process claims arising from his placement in segregation because Gonzalez failed to allege facts sufficient to state a claim. However, dismissal without leave to amend was an abuse of discretion because Gonzalez could have cured the complaint's deficiencies by

alleging that defendants failed to provide him with some notice of the charges against him and an opportunity to present his views. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation and internal quotation marks omitted)); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review). We do not address the merits of Gonzalez's due process claim arising from his transfer to a maximum security prison, which the district court should address in the first instance.

Accordingly, we vacate the judgment in part and remand to the district court with instructions to provide Gonzalez with an opportunity to file an amended complaint as to the due process claims arising from his placement in segregation, and to address the merits of the due process claim arising from Gonzalez's transfer to maximum security prison.

We do not consider documents or facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

All pending requests and motions are denied.

**AFFIRMED in part, VACATED in part, and REMANDED.**