NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN L. WILLIAMS-EL, | No. 16-15271 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00422-RCJ-WGC |
| v. | |
| JAMES GREG COX, N.D.O.C. Director; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted February 14, 2017[**]

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

John L. Williams-El, a Nevada state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

violations in connection with his validation as a gang member.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Weilburg v. Shapiro*, 488

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1202, 1205 (9th Cir. 2007) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We vacate and remand.

Dismissal without leave to amend was premature because it is not "absolutely clear" that the deficiencies in Williams-El's complaint could not be cured by amendment. *Weilburg*, 488 F.3d at 1205; *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (standard of review); *see also Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (relevant question for gang validation due process claim is "whether there was 'some evidence' to support [the prisoner's] validation").

Accordingly, we vacate the judgment and remand for the district to give Williams-El an opportunity to amend his complaint.

**VACATED and REMANDED.**