**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONALD MORRIS LEE,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>BRIER POLICE DEPARTMENT; et al.,<br><br>Defendants-Appellees. | No. 15-35794<br><br>D.C. No. 2:14-cv-01994-MJP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Washington state prisoner Donald Morris Lee appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations

of his constitutional rights.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007)

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm in part, vacate in part, and remand.

The district court properly dismissed Lee's claims related to his arrest and criminal conviction because success on those claims "would necessarily imply the invalidity of his conviction or sentence" and Lee has not "demonstrate[d] that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Dismissal of Lee's claims against the judge and prosecutor in his criminal case was proper because Lee failed to allege facts sufficient to state a plausible § 1983 claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also West v. Atkins*, 487 U.S. 42, 48 (1988) (elements of a claim under § 1983).

The district court properly dismissed Lee's access-to-courts claim regarding denial of mail because Lee failed to allege facts sufficient to show that defendants'

conduct caused actual injury to a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 348-49, 352-53 (1996); *see also Turner v. Safley*, 482 U.S. 78, 89 (1987) (a regulation that impinges on First Amendment rights "is valid if it is reasonably related to legitimate penological interests.").

The district court properly dismissed Lee's due process claim based on deprivation of his property because Lee has an adequate postdeprivation remedy under Washington law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Wright v. Riveland*, 219 F.3d 905, 918 (9th Cir. 2000) (concluding that Washington provides adequate postdeprivation remedies).

The district court properly dismissed Lee's retaliation claim because Lee failed to allege facts sufficient to state a claim. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of retaliation claim in prison context). However, dismissal of this claim without leave to amend was premature because it is not absolutely clear that the deficiencies could not be cured by amendment, and the district court did not notify Lee of the deficiencies in this

claim. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Lee alleged that he was given a disciplinary infraction and moved to a different cell with a violent offender for no reason other than in retaliation for filing a grievance against defendant Redding. Although Lee did not allege that his First Amendment rights were chilled by the alleged adverse action, he should be given an opportunity to amend prior to dismissal of this claim. Accordingly, we vacate the judgment in part and remand to the district court with instructions to provide Lee with an opportunity to amend as to his retaliation claim only.

Lee's requests for permission to use the prison's "e-file program," appointment of counsel, reversal of "policies obstructing legal mail services to indigent inmates," and change of venue, set forth in his opening brief, are denied. We treat Lee's notice, filed on August 15, 2016, as a request to supplement the record, and deny the request.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

15-35794