**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHAD JAMES ROMINE, | No. 16-15218 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00401-GEB-KJN |
| v. | |
| BIG O TIRES CORPORATE HEADQUARTERS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted March 8, 2017**

Before:      LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Chad James Romine appeals pro se from the district court's judgment

dismissing his action alleging various claims arising from the repair of his car.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for lack

of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), *Rundgren v. Wash.*

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Mut. Bank, FA*, 760 F.3d 1056, 1059-60 (9th Cir. 2014), and we may affirm on any ground supported by the record, *Lambert v. Blodgett*, 393 F.3d 943, 965 (9th Cir. 2004). We affirm.

The district court dismissed Romine's federal claims for lack of subject matter jurisdiction. We affirm the dismissal of these claims on the alternate basis that Romine failed to allege facts sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) (setting forth elements of a claim under the Racketeer Influenced and Corrupt Organizations Act); *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986) (a claim under 42 U.C.S. § 1983 requires that defendants acted under the color of state law); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 do not provide a basis for civil liability).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Romine's state law claims. *See* 28 U.S.C. § 1367(c)(3) (permitting district court to decline supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction); *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1107 (9th Cir. 2010) (standard of review).

16-15218

The district court did not abuse its discretion by dismissing Romine's first amended complaint without leave to amend because amendment would be futile. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (dismissal of a pro se complaint without leave to amend is proper "if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment" (citation and internal quotation marks omitted)); *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000) (standard of review).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-15218