NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUSAN MAE POLK, | No. 17-15787 |
| Plaintiff-Appellant, | D.C. No. 1:12-cv-01156-DAD-BAM |
| v. | |
| MARY LATTIMORE, Warden; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted February 13, 2018**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

California state prisoner Susan Mae Polk appeals pro se from the district

court's judgment dismissing her 42 U.S.C. § 1983 action alleging constitutional

violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

dismissal for failure to state a claim under 28 U.S.C. § 1915A, *Resnick v. Hayes*,

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

213 F.3d 443, 447 (9th Cir. 2000), and for an abuse of discretion a dismissal for failure to comply with federal pleading rules, *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). We affirm in part, vacate in part, and remand.

The district court dismissed Polk's claims because Polk failed to allege facts sufficient to state a plausible claim for relief. All but one were properly dismissed. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

However, in her fourth amended complaint, Polk alleged that, on or about July 23, 2008, defendant Baron put a "snitch jacket" on Polk, resulting in an attack on Polk by her cellmate. *See Valandingham v. Bojorquez*, 866 F.2d 1135, 1137-38 (9th Cir. 1989) (prisoner's allegation that officials labeled him a snitch with the intent of having prisoner killed supported a cause of action under § 1983). Because it is not clear from the record whether the district court considered this claim, we vacate the judgment in part and remand for further proceedings on this claim only, including leave to amend this claim if appropriate. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment (citation and internal quotation marks omitted)).

**AFFIRMED in part, VACATED in part, and REMANDED.**