NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW J.J. WOLF; R. HANS KRUGER, | No.  17-35273 |
| Plaintiffs-Appellants, | D.C. No. 1:12-cv-00526-BLW |
| v. | |
| IDAHO STATE BOARD OF CORRECTIONS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted June 20, 2019[**]

Before:  GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Idaho state prisoners Andrew J.J. Wolf and Hans Kruger appeal pro se the district court's screening dismissal and summary judgment in their 42 U.S.C. § 1983 action alleging constitutional violations stemming from alleged overcrowding and understaffing at the Idaho State Correctional Institution ("ISCI")

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

and Idaho State Correctional Center ("ISC"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (dismissal under 28 U.S.C. § 1915A); *Keenan v. Hall*, 83 F.3d 1083, 1088 (9th Cir. 1996) (summary judgment). We affirm.

The district court properly dismissed plaintiffs' claims alleging retaliation because they failed to allege facts showing that defendants acted with a retaliatory intent. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (explaining requirements of retaliation claims in the prison context).

The district court properly dismissed plaintiffs' claim alleging overcrowding because overcrowding "has no constitutional significance standing alone." *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989) ("Only when overcrowding is combined with other factors such as violence or inadequate staffing does overcrowding rise to an eighth amendment violation.").

The district court properly granted summary judgment on Wolf's claims alleging inadequate heating, ventilation, and recreational time at ISCI and inadequate dayroom space and out-of-cell time at ICC because Wolf failed to raise a triable dispute as to whether he suffered a deprivation that was, "objectively, sufficiently serious," resulting in "the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted).

The district court properly granted summary judgment on Wolf's claim alleging failure to protect him from inmate assault because Wolf failed to exhaust prison grievance procedures concerning his claim. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (exhaustion is mandatory and must be done in a timely manner consistent with prison policies).

The district court properly granted summary judgment on Kruger's claim alleging failure to protect him from inmate assault because Kruger failed to raise a triable dispute as to whether defendants "[knew] of and disregard[ed] an excessive risk to inmate . . . safety." *Farmer*, 511 U.S. at 837.

The district court did not abuse its discretion in denying plaintiffs' motions to modify the scheduling order because they failed to show good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) (standard of review; after entry of pretrial scheduling order, timetable for amending pleadings may be altered only "upon a showing of 'good cause'" (citing Fed. R. Civ. P. 16(b)).

The district court did not abuse its discretion in denying plaintiffs' renewed motion for appointment of counsel because plaintiffs failed to show exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (standard of review; "Generally, a person has no right to counsel in civil actions. However, a court may under 'exceptional circumstances' appoint counsel for indigent civil

litigants pursuant to 28 U.S.C. § 1915(e)(1).").

The district court did not abuse its discretion in denying plaintiffs' motion to compel discovery because plaintiffs showed no prejudice resulting from the ruling. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("[A] decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying plaintiffs' motion for a status hearing conference because plaintiffs showed no prejudice resulting from the ruling. *See Mahon v. Credit Bureau of Placer Cnty. Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) ("[A] district court may abuse its discretion if it refuses to hear oral argument where a party would suffer unfair prejudice as a result.").

Plaintiffs have not shown error in the district court's denial of their motions to reconsider discovery orders and summary judgment, or to reopen discovery. *See Preminger v. Peake*, 552 F.3d 757, 769 (9th Cir. 2008) (describing district courts' "inherent power to control their dockets" (citation and internal quotation marks omitted)).

The record does not support plaintiffs' contention that the district court granted summary judgment while discovery motions were pending.

**AFFIRMED.**

4